FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2011 JAN 25 AM 11:49
CLERK R. Cw
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DAWN A. HOFFMAN, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO.: CV210-031
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Dawn A. Hoffman ("Plaintiff") filed applications for Child's Disability Insurance benefits on July 10, 2007 and for Supplemental Security Income on May 16, 2007, alleging disability beginning on May 20, 1984 (her date of birth). (R. 12). After her claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. (Id.). On January 12, 2009, Administrative Law Judge Morton J. Gold, Jr. ("ALJ") held a video hearing at which Plaintiff testified. (R. 12-49). Mark D. Leaptrot, a vocational expert, also testified at this hearing. (R. 43-49). The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act, and, therefore, was not eligible for Disability Insurance benefits and SSI payments. (R. 12). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (R. 4-8).

AO 72A
(Rev. 8/82)

Plaintiff contests the ALJ's decision. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for further consideration of the evidence. Defendant asserts the Commissioner's decision should be affirmed.

## ALJ'S FINDINGS

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." The Social Security Administration has promulgated regulations that provide for the payment of disabled child's insurance benefits if the claimant is eighteen years old or older, and has a disability that began before attaining age twenty-two. 20 C.F.R. 404.350(a)(5). Pursuant to the Act, the Commissioner employs a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the plaintiff is not engaged in such activity, then the second inquiry asks whether the claimant has a medically severe impairment or combination of impairments. Id. at 140-41. If the claimant's impairment or combination of impairments is not "severe," then disability benefits are denied. Id. at 141. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires determination of whether the claimant's impairment meets or equals one of the

impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, subpt. P. App. 1; Yuckert, 482 U.S. at 141. If the impairment meets or equals one of the listed impairments, then the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141. If the impairment does not meet or equal one of the listed impairments, then the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing her past relevant work. Id. If the claimant is unable to perform her past relevant work, then the final step of the evaluation process determines whether she is able to perform other work in the national economy, considering his age, education, and work experience. Id. at 142. Disability benefits will be awarded only if the claimant is unable to perform other work. Id.

In the case *sub judice*, the ALJ followed the sequential process to determine that Plaintiff has not engaged in substantial gainful activity. (R. 14). At step two, the ALJ determined that Plaintiff suffered from the following severe impairment: low cognitive functioning. (Id.). However, at step three, the ALJ determined that Plaintiff's medically determinable impairments were not severe enough to meet or medically equal a listed impairment because "there is no evidence that demonstrates or supports an onset of the impairment before age 22." (R. 16). The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform:

> a full range of work at all exertional levels but with the following nonexertional limitations: The claimant's decreased cognitive functioning limits her to performing work activities with a specific vocational preparation of 1 or 2. While her concentration may drift from 0-2 1/2 hours during an eight-hour workday if the work is repetitive, routine, or boring; she can pay enough attention to details to meet the general productivity

requirements of the job(s) within the same workday. Even though her pace might be disrupted once or twice a week, she will still be able to perform assigned tasks by the end of the same workday. She should avoid constantly changing or fluid work environments. She should not be required to set independent work goals. The work should be low stress in nature.

(Id.). At step four, the ALJ found that Plaintiff had no past relevant work. (R. 17). At step five, the ALJ found that Plaintiff would be able to perform work as a silverware wrapper, cloth folder, or garment sorter. (R. 18).

## ISSUES PRESENTED

Plaintiff asserts the ALJ erred in the following ways:

I. The ALJ erred in failing to presume that Plaintiff's mental retardation existed before she reached age twenty-two.

II. The ALJ's rejection of claimant's credibility was not supported by substantial evidence.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F. 2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

Plaintiff contends that the ALJ did not give Plaintiff the benefit of the presumption that her mental retardation existed prior to her reaching the age of twenty-two. Defendant does not rebut Plaintiff's contention, but asserts that the opinion of two non-examining state-agency consultants that Plaintiff was capable of mental activities associated with daily work activities constituted substantial evidence for the ALJ's rejection of Plaintiff's treating psychologist's diagnosis of mental retardation.

The law in this circuit is well established that the ALJ must accord the opinions of treating physicians with substantial or considerable weight. Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988). Absent a showing of good cause to the contrary, the ALJ cannot discount a treating physician's opinions. Id. "Good cause" is a fairly broad standard and the Eleventh Circuit has recognized its existence in three sets of circumstances. The first circumstance exists where the opinion of the treating physician is accompanied by no objective medical evidence, is wholly conclusory, or is

contradicted by the physician's own treatment notes. Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); see also Phillips v. Barnhart, 357 F.3d 1232, 1240-41 (11th Cir. 2004). The second circumstance exists where the "treating physician's opinion was not bolstered by the evidence." Phillips, 357 F.3d at 1241. Finally, the ALJ can find good cause to discount the treating source opinion where the "evidence supported a contrary finding" from that of the treating source. Id.; see also Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

However, where medical evidence does not conclusively counter the treating physician's opinion, and no other good cause is presented, the ALJ cannot discount the treating doctor's opinion. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1986). If the ALJ decides to discount the opinion of the treating physician, he must "clearly articulate" his reasons for doing so. Phillips, 357 F.3d at 1241. The ALJ must make clear the weight accorded to each item of evidence and the reasons for the decision so that the reviewing court may determine whether the decision is based on substantial evidence. Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981).

This Court must determine whether the ALJ applied the correct legal standard. Listing 12.05 describes the criteria to qualify for benefits for mental retardation. It states:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22. The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied....C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05. The Eleventh Circuit "recognize[s] that a claimant meets the criteria for presumptive disability under listing 12.05(C) when the

claimant presents a valid I.Q. score of 60 to 70 and evidence of additional mental or physical impairment." Hodges v. Barnhart, 276 F.3d 1265, 1269 (11th Cir. 2001); see also Lowery v. Sullivan, 979 F.2d 835, 838 (11th Cir. 1992). "[T]here is a presumption that mental retardation is a condition that remains constant throughout life." Hodges, 276 F.3d at 1266. "[A] claimant need not present evidence that she manifested deficits in adaptive functioning prior to the age twenty-two, when she presented evidence of low IQ test results after the age of twenty-two." Id.

In October 2007, psychologist, John S. Muller, Psy. D., performed a psychological evaluation of Hoffman. He reported that WAIS-III testing revealed she had a full scale I.Q. of 67. (R. 172). He noted that she performed some simple daily activities, such as laundry and will sometimes clean up, but she has difficulty following through with this type of activity. (R. 170). He indicated that she struggled to complete GED courses, and could not take the test, has never carried a driver's license, never managed finances, and has always depended upon others to care for her health and safety, and for prompting to do self directed activities. (R. 173). He found that her sustained attention was marginal and that she was currently functioning in the mild range of mental retardation. (R. 171). He additionally determined that she had marked difficulty understanding, remembering, and following simple instructions on a sustained basis, that her attention was likely to fluctuate due to her cognitive limitations, and that she would have difficulty tolerating the psychological stress and pressures associated with day-to-day work activity. (R. 173).

In November 2007, a non-examining stage agency medical records reviewer claimed Hoffman had moderate limitations in her activities of daily living, social

functioning, and concentration, persistence, and pace. (R. 175-88). She further found that Hoffman was markedly limited in her ability to understand, remember, and carry out detailed instructions, and was moderately limited in her ability to maintain attention and concentration for extended periods, to complete a normal work day and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, respond appropriately to changes in the work setting, and to set realistic goals or make plans independently of others. (R. 189-91). Another non-examining reviewer concurred with the first reviewer's assessment. (R. 200).

The ALJ stated he was discounting Dr. Muller's diagnosis of mild mental retardation "because there is no evidence of lifelong mental retardation." (R. 17). This assumption is contrary to law. Plaintiff does not bear the burden of proving lifelong mental retardation, and the state-agency consultants' opinions about Plaintiff's present capabilities do not override this presumption. Because Plaintiff presented evidence of a valid low I.Q. score and because I.Q. tests create a "rebuttable presumption of a fairly constant I.Q. throughout [an individual's] life," the ALJ was required to presume that Plaintiff's mental retardation was a lifelong condition. Hodges, 276 F.3d 1265, 1268.

It is unnecessary to address Plaintiff's remaining enumeration of error at this time.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

So **REPORTED** and **RECOMMENDED**, this 25th day of January, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE